# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Moses Backman Jr. ) | C/A: 2:10cv599-MBS-BM |
| ) | |
| Plaintiff, ) | |
| ) | Report and Recommendation |
| vs. ) | |
| ) | |
| ) | |
| Department of Veterans Affairs, ) | |
| Attorney General of the United States, and ) | |
| United States Attorney for the District of South Carolina ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, proceeding *pro se*, brings this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint alleges that Plaintiff suffered injuries due to medical negligence during treatment at the Department of Veteran Affairs' Ralph H. Johnson Medical Center in Charleston, South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Additionally, this Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even when considered under this less stringent standard, however, for the reasons set forth hereinbelow the *pro se* complaint is subject to summary dismissal.

## Discussion



The complaint alleges that Plaintiff was wrongly diagnosed and suffered an unnecessary

operation while under the care of the Department of Veterans Affairs. Complaint at 3. Plaintiff further alleges that he suffered an injury during the operation which has reduced his quality of life. Complaint at 3. He seeks "financial compensation for the injuries caused" and "compensation for lost quality of life." Complaint at 4. Plaintiff must first exhaust his administrative remedies before proceeding in this case against the federal government:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

Such a claim is deemed "presented" for purposes of 28 U.S.C. § 2675 when the relevant federal agency receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury . . . alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). Since the complaint makes no mention of an attempt to exhaust administrative remedies, by Order dated March 15, 2010, Plaintiff was required to answer Special Interrogatories related to the issue of exhaustion. Plaintiff's answers to the Special Interrogatories indicate that he has not presented his claim as required by 28 U.S.C. § 2675(a). *See* Docket Entry 11.

### Recommendation

Exhaustion under the Federal Tort Claims Act is jurisdictional and may not be waived. *See Plyler v. U.S.*, 900 F.2d 41 (4th Cir. 1990). Because Plaintiff has not exhausted his administrative remedies, this District Court lacks jurisdiction over this case. Accordingly, it is recommended that

2

the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

April 21, 2010

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

