UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Moses Backman, Jr.,                                )<br>                                                               )<br>                    Plaintiff,                       )<br>                                                               )<br>            vs.                                             )<br>                                                               )<br>Department of Veterans Affairs, Attorney  )<br>General of the United States, and United,  )<br>States Attorney for the District of South    )<br>Carolina,                                               )<br>                                                               )<br>                    Defendants.                    )<br>_____ ) | C/A No.: 2:10-599-MBS<br><br>**ORDER** |

Plaintiff Moses Backman, Jr., proceeding *pro se* and *in forma pauperis*, filed a complaint on March 9, 2010, alleging that he was wrongly diagnosed and subjected to an unnecessary operation while under the care of the Department of Veterans' Affairs. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On April 22, 2010, the Magistrate Judge issued a Report and Recommendation in which he noted that Plaintiff has not exhausted his administrative remedies as required by 28 U.S.C. 2675(a). Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed no objections to the Report and Recommendation. On May 18, 2010, the court adopted the Report and Recommendation. On June 1, 2010, the court granted a motion by Plaintiff for a ninety-day extension of time to compile and submit additional documents. On October 13, 2010, the court granted Plaintiff another extension of time until February 28, 2011, to submit additional documents.

On February 18, 2010, Plaintiff filed with the court a Standard Form 95 dated February 18, 2011, alleging a claim under the Federal Tort Claims Act.

## BACKGROUND

Plaintiff states his claim as follows:

> While under the care of the Department of Veterans Affairs, I was wrongly diagnosed with a medical condition. This lead to an unnecessary operation. The operation inturn [sic] reduced my quality of living. During the operation that took place on March 17, 2008, I suffered bodily injury that previously did not excist [sic] or was related to the operation preformed. [sic].

Compl. at 3. Plaintiff seeks damages for his alleged injuries and loss of quality of life. *Id.* at 4. On March 15, 2010, the Magistrate Judge issued a proper form order instructing Plaintiff, among other things, to answer certain special interrogatories. On April 6, 2010, Plaintiff filed his answers to the Magistrate Judge's special interrogatories. Plaintiff indicated in his answers that he had not: 1) submitted a Standard Form 95, in accordance with the Federal Tort Claims Act to the appropriate federal agency against which he makes a claim of injury; and 2) had not received a final denial of any of his administrative claims.

## DISCUSSION

The court has carefully reviewed the record and concludes that Plaintiff's complaint is subject to summary dismissal for failure to exhaust his administrative remedies. The Federal Tort Claims Act requires initial presentation of a claim to the appropriate federal agency, and a final denial by that agency as a prerequisite to suit. *Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990) (citing 28 U.S.C. §§ 2401(b), 2675(a)). Although Plaintiff has filed a Standard Form 95 with the court, Plaintiff has provided the court with no evidence that he has submitted this form to the Department of Veteran's Affairs, or that he has obtained a final

denial of his claim.

## **CONCLUSION**

Based upon the foregoing, the within action is dismissed *without prejudice* and without issuance and service of process to allow Plaintiff to exhaust his administrative remedies.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour<br>
The Honorable Margaret B. Seymour<br>
United States District Judge

Columbia, South Carolina
April 19, 2011